IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,           :

            Plaintiff,              :

      v.                            :      Case No. 2:11-mj-0565

Catarino Zavala,                    :      Magistrate Judge Kemp

            Defendant.              :

DETENTION ORDER

      The defendant, Catarino Zavala, accompanied by counsel,
appeared for a detention hearing on July 18, 2011.  After the
hearing, the Court decided that the defendant should be detained
pending further proceedings.  This order explains why.

      On June 8, 2011, defendant was charged in an indictment
returned in the Eastern District of Texas with being part of a
conspiracy to manufacture, possess and distribute marijuana,
cocaine and methamphetamine.  Based on the indictment, the Court
is entitled to conclude that probable cause exists to believe he
committed these offenses.  That gives rise to a presumption of
detention, explained as follows.

      Legal Standard Applicable.  The United States' request
for detention is based primarily upon the presumption that
arises under 18 U.S.C. §3142(e) for persons charged with serious
drug offenses, certain firearms offenses, and certain offenses
involving minor victims.  That statute states, in pertinent part,
that:

            Subject to rebuttal by the person, it
            shall be presumed that no condition or
            combination of conditions will reasonably
            assure the appearance of the person
            as required and the safety of the
            community if the judicial officer
            finds that there is probable cause to
            believe that the person committed an

> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...[or] an
> offense under section 924(c)...of this
> title... or an offense involving a minor
> victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts
supporting a finding that no condition or combination of
conditions will reasonably assure the safety of any other person
and the community, such facts must be proved by clear and
convincing evidence.  However, if detention is based upon a
finding that no condition or combination of conditions will
reasonably assure the appearance of the person as required, proof
by a preponderance of the evidence is sufficient.

The proper effect to be given to this rebuttable
presumption is discussed in United States v. Jessup, 757
F.2d 378 (1st Cir. 1985).  There, the Court indicated that
the presumption shifts the burden of producing evidence to
the defendants, and also remains in the case even after the
defendants have satisfied their production burden.  Further, in a
narcotics case, because the history of the statute indicates that
Congress had in mind a specific set of circumstances relating to
drug offenses which led to the adoption of the rebuttable
presumption, it is appropriate for a Court addressing the
issue of detention to determine how closely the facts of the
case before the Court parallel those of the "Congressional
paradigm," or profile of those drug offenders who present the
most serious risk of flight or danger to the community.  That
paradigm, in brief, indicates a Congressional awareness of
the lucrative nature of drug trafficking, and the fact that
many persons engaged in that occupation have substantial ties
outside the United States.  Consequently, even if a high

-2-

monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  United States v. Dominquez, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The United States called one witness at the hearing, ICE agent Justin Marshall, who testified concerning a number of recorded telephone conversations which occurred between April 27, 2011 and May 16, 2011, and which either originated from or were received by a phone used by a co-defendant, Leodegario Sanchez. The short version of his testimony is that Mr. Zavala and Mr. Sanchez were conversing on a regular basis about narcotics trafficking, and in a way that indicted that Mr. Zavala was a middleman arranging sales from Sanchez to others and that he was very familiar with how drug trafficking deals typically operated. Additionally, fairly significant quantities of narcotics,

-3-

particularly methamphetamine, were being discussed regularly.

According to the Pretrial Services report, Mr. Zavala has lived in the Dallas, Texas area for most of his life. He was residing in Columbus for only a short time before his arrest here. His mother and other family members live in Columbus. He has not been employed for the past several weeks but has held regular employment in the past.

Defendant has used marijuana since age 17. He has attended counseling for substance abuse but continues to use marijuana. He has been convicted in the past for offenses related to marijuana possession, and has had probation revoked on several occasions. He has also has warrants issued for failure to appear, has had several bond forfeitures, and is currently the subject of an active traffic warrant from Miamisburg, Ohio. He has used a number of aliases, dates of birth, and social security numbers when arrested in the past.

Here, in addition to the presumption in favor of detention created by the indictment, the Court notes that the evidence against Mr. Zavala is strong and that he is facing significant prison time if convicted. His ties to the central Ohio area are of short duration. He has a history of both substance abuse and drug-related convictions. His record of failures to appear, probation violations, and the use of false identifying information is particularly troubling. The few positive factors in the record - the absence of any history of violent crimes and the availability of place to reside if released - do not outweigh the negative factors or overcome the presumption created by the indictment. Therefore, the Court detained Mr. Zavala pending further proceedings.

The defendant was advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

-4-

/s/ Terence P. Kemp
United States Magistrate Judge